IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C-12-01297-DMR<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* & DISMISSING CASE** |

Plaintiff, proceeding *pro se*, brings this action against the United States for claims related to the institution of slavery. Plaintiff moves to proceed *in forma pauperis*. The court GRANTS Plaintiff's motion. However, for the reasons discussed below, the court DISMISSES the case.

## I. BACKGROUND

Plaintiff filed the current action against the United States on March 14, 2012 along with an application to proceed *in forma pauperis*. [Docket Nos. 1, 2.] His complaint contains no specific legal claims, but alleges that the United States committed a crime against African-Americans through the institution of slavery. (*See* Compl.) He contends that the United States must pay $10 trillion in damages to be divided equally amongst "the descendants of African-American slavery." (Compl.) He also requests "an official apology" to the descendants of slavery. (Compl.)

Defendant has not been served, and therefore is not a party to the suit pursuant to 28 U.S.C. § 636(c). *See Third World Media, LLC v. Does 1-1568*, No. 10-04470-LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011). Plaintiff has filed consent to proceed before a magistrate judge. [Docket

No. 4.] Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter, including the entry of judgment.

## II. LEGAL STANDARD

Even when a court grants a plaintiff's motion to proceed *in forma pauperis*, the court must dismiss the complaint if the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). In reviewing the adequacy of a complaint under § 1915(e)(2), courts apply the same standard as Federal Rule of Civil Procedure 12(b)(6). *Moore v. Hercules Dynamite Co.*, No. 10-CV-0117-RJC (RAM), 2010 WL 3074388, at *1 (D. Nev. Mar. 15, 2010), *adopted by* No. 10-CV-0117-RJC, 2010 WL 3074374 (Aug. 3, 2010). Under Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the complaint "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). If the court dismisses a *pro se* litigant's complaint, it must give him leave to amend unless it is absolutely clear that amendment could not cure the complaint's defects. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff's complaint is frivolous because its claims fall outside this Court's subject matter jurisdiction. In *Johnson v. United States*, a *pro se* plaintiff filed a complaint *in forma pauperis*, asserting claims against the United States "for the institution of slavery . . . between 1619 and 1865." No. 94-1474, 1994 WL 225179, at *1 (N.D. Cal. May 6, 1994) (not reported in F. Supp.), *aff'd sum nom. Cato v. United States*, 70 F.3d 1103 (9th Cir. 1995). Plaintiff sought millions of dollars in damages and an official apology. *Id.* The district court held that the complaint lacked "an arguable basis in law because there is no federal jurisdiction over [the] claims, and because the claims would be barred by sovereign immunity." *Id.* at *3. The Ninth Circuit affirmed, holding that claims for

money damages and official apology for the institution of slavery "fall outside the limited waiver of sovereign immunity by the United States, or otherwise are not within the jurisdiction of the federal courts." *Cato*, 70 F.3d at 1105-06. Plaintiff raises the same claims that the Ninth Circuit rejected in *Cato*. As in *Cato*, Plaintiff's complaint lacks an arguable basis in law, and no amendment can cure its deficiencies. Consequently, the court dismisses the complaint.

## IV. CONCLUSION

The court GRANTS Plaintiff's application to proceed *in forma pauperis* and DISMISSES his complaint for failure to state a claim.

IT IS SO ORDERED.

Dated: April 25, 2012



DONNA M. RYU
United States Magistrate Judge

3